# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYFORD C. WILLIS,<br><br>　　*Plaintiff*,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.,*<br><br>　　*Defendants*. | 2:08-cv-00581-RCJ-NJK<br><br><br>ORDER |

　　This long-closed prisoner civil rights action comes before the Court following plaintiff's filing of an application to proceed *In forma Pauperis* (Docket No. 12) with a purported amended habeas petition and a motion (Docket No. 13) for appointment of counsel.

　　This civil rights action was dismissed without prejudice by entry of final judgment over five years ago. The Court recently denied plaintiff's serial post-judgment motion for appointment of counsel because the action was long closed. Plaintiff may not simply start filing habeas pleadings and motions in a closed civil rights action. Plaintiff's habeas action in No. 3:09-cv-00172-ECR-RAM challenging the same conviction was dismissed also years ago, and the Court has found it necessary to bar plaintiff from filing further papers in that action.

　　Striking plaintiff's fugitive filings in this action without redirecting their filing elsewhere will not result in substantial prejudice. *Inter alia*, after taking judicial notice of the related state and federal online docket records, it is abundantly clear to the Court that: (a) the timeliness of a properly commenced habeas action would not hinge at this juncture upon the filing date

of these fugitive papers; and (b) there is no habeas jurisdiction at this point because plaintiff's sentence has fully expired and he thus no longer is in custody for purposes of federal habeas jurisdiction. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). *Sua sponte* redirection of plaintiff's fugitive filings to a new action accordingly would be both a futile exercise and a waste of limited judicial resources.

Nothing in this order directs plaintiff to file any particular papers in a new action and/or suggests that a new action would be timely or within the jurisdiction of the Court at this point.

Given plaintiff's repeated frivolous filings of fugitive documents in long-closed actions on the docket of this Court, no further filings will be accepted in this matter.

This action has been, and remains, closed. That is the Court's final word on the matter.

IT THEREFORE IS ORDERED that plaintiff's application (Docket No. 12) to proceed *In Forma Pauperis*, the habeas petition attached therewith, and motion (Docket No. 13) for appointment of counsel shall be STRICKEN.

IT FURTHER IS ORDERED that the Clerk of Court shall accept no further papers from plaintiff for filing in this action, other than a notice of appeal from this order; and the Clerk shall designate plaintiff as a restricted filer on the docket sheet.

DATED: April 9, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge